**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF KANSAS**

**JONI R. DOWNING,**

**Plaintiff,**

**v.** **Case No. 05-2058-JWL**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

**Defendant.**

**MEMORANDUM & ORDER**

Plaintiff Joni R. Downing brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of defendant, the Commissioner of Social Security, to deny her application for disability insurance benefits under Title II of the Social Security Act. The court referred the matter to a Magistrate Judge, who issued a Report and Recommendation to remand the case to the Administrative Law Judge ("ALJ") to further develop the record. The Commissioner then submitted objections to this report, arguing that the record clearly proves that the court should deny benefits to Ms. Downing. As explained below, however, the court will adopt the decision of the Magistrate Judge and remand the case to further develop the record.

**I. Procedural Background**

On August 30, 2002, Ms. Downing filed her application for a period of disability and disability insurance benefits alleging an onset of disability on February 1, 2001. Her application

was denied, and at plaintiff's request, an administrative law judge ("ALJ") held a hearing on September 16, 2004. Ms. Downing appeared pro se. At the hearing, Ms. Downing testified that she suffered from a variety of physical impairments relating to her neck and arm.

On October 14, 2004, the ALJ issued a decision in which he determined that Ms. Downing was not under a "disability" as defined by the Social Security Act. After the ALJ's unfavorable decision, Ms. Downing requested review by the Appeals Council. The Appeals Council, however, denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. *Threet v. Barnhart*, 353 F.3d 1185, 1187 (10th Cir. 2003). Ms. Downing has petitioned this court for judicial review.

## II. Standard of Review

The court has limited review of the Commissioner's determination that Ms. Downing is not disabled. *Hamilton v. Sec'y of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992). The court examines whether the decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (quotation omitted); *Hamlin*, 365 F.3d at 1214 (same). The court neither reweighs the evidence nor substitutes its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. Grounds for

reversal exist if the agency fails to apply the correct legal standards or fails to demonstrate reliance on the correct legal standards. *Hamlin*, 365 F.3d at 1114.

"The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled." *Doyal*, 331 F.3d at 760. The analysis evaluates whether: (1) the claimant is engaged in substantial gainful activity; (2) the claimant suffers from a severe impairment or combination of impairments; (3) the impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation; and (4) the claimant possesses the residual functional capacity to perform his or her past work or (5) other work in the national economy. *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof through step four, and, if the claimant meets this burden, then the burden shifts to the Commissioner at step five. *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005).

**III. The Report and Recommendation**

The Magistrate Judge's Report and Recommendation focused on the allegations raised in Ms. Downing's petition. Initially, the Magistrate Judge noted that the medical expert at the ALJ hearing, Dr. Steiner, was in fact qualified to give expert medical testimony at the ALJ hearing. Further, the appellate process available to Ms. Downing did not violate her due process rights, despite the fact that the Appeals Council declined to review her claim. Finally, the Magistrate Judge recommended that the case be remanded to the ALJ to further develop the factual record regarding Ms. Downing's ongoing medical condition and treatment since January 2004 and the impact of her medical condition and treatment on her daily activities.

## IV. Analysis of the Commissioner's Objections to the Report and Recommendation

In her filed objections to the Magistrate Judge's Report and Recommendation,[1] the Commissioner alleges that remand is unnecessary because the record is sufficiently developed to show that substantial evidence supports the denial of benefits to Ms. Downing. The Commissioner highlights the fact that there is minimal medical evidence after January 2004. She contends that Ms. Downing's medical condition was unchanged from January 2004 to September 2004, which precludes the need for remand.

Although the court empathizes with the frustrations of the ALJ in attempting to receive testimony from Ms. Downing, the Tenth Circuit expressly has cautioned that claimants must be allowed to offer all material evidence to adequately develop the record. It has explained: "'[U]nlike the typical judicial proceeding, a social security disability hearing is nonadversarial, with the ALJ responsible in every case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Ware v. Barnhart*, 123 Fed. Appx. 335, 338-39, 2005 WL 319471,*3 (10th Cir. 2005) (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir.1997)). Thus, although Ms. Downing bears the ultimate "burden of providing medical evidence proving disability, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues. This duty is especially strong in the case of an unrepresented claimant." *Carter v. Chater*, 73 F.3d 1019, 1021 (10th Cir. 1996). In addition to hearing other

[1] As the Magistrate Judge informed the parties in his Report and Recommendation, those portions of the Report and Recommendation to which neither party objected are deemed admitted, and failure to object constitutes a waiver of any right to appeal. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004).

evidence, the ALJ must "learn the claimant's own version" of the material facts. *Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir. 1987) (quoting *Heckler v. Campbell*, 461 U.S. 458, 471 n. 1 (1983) (Brennan, J., concurring)).

Given this standard, the Tenth Circuit often has reversed those decisions based on an inadequately developed factual record, particularly when a petitioner appears pro se. *See, e.g.*, *Ware v. Barnhart*, 123 Fed. Appx. 335, 338-39, 2005 WL 319471,*3 (10th Cir. 2005) ("Finally, we agree that the ALJ erred in his duty to adequately develop the record . . . ."); *Ogle v. Barnhart*, 123 Fed. Appx. 361, 364, 2005 WL 388735, *3 (10th Cir. 2005) (same); *Hasting v. Apfel*, 1999 WL 314617, *1 (10th Cir. 1999) ("On appeal, claimant contends that the ALJ failed to develop the record because he did not obtain necessary medical evidence. We agree. Therefore, we reverse and remand for further proceedings.").

In this case, Ms. Downing never fully stated her case or introduced all possible material evidence into the record, nor did the ALJ adequately direct her to do so. As the Magistrate Judge's Report and Recommendation noted, "The ALJ told the plaintiff that she wanted to get more information from the plaintiff, but she did not tell plaintiff what information she wanted. She told plaintiff to put her testimony down in a letter and mail it in, but she did not follow-up to secure the letter, and made no comment in the decision regarding the missing information." The Magistrate Judge further noted that the ALJ "did not ask further questions at the end of plaintiff's testimony and seek to discover the missing information. The pro se plaintiff must be excused for not knowing what information is requiring in making a disability decision." Thus, as the Magistrate Judge concluded: "The ALJ erred in failing to adequately develop the record or in failing to justify

a decision based upon plaintiff's failure or refusal to provide necessary information. The ALJ's failure prejudiced plaintiff and remand is necessary for a rehearing to properly develop the record."

The court, therefore, shall remand the case to the ALJ for further development of the record regarding Ms. Downing's ongoing medical condition and treatment since January 2004 and the impact of her medical condition and treatment since then on her daily activities.

**IT IS THEREFORE ORDERED BY THE COURT THAT** in line with the Magistrate Judge's Report and Recommendation, the decision of the ALJ is reversed and the case is remanded for rehearing pursuant to the fourth sentence of 42 U.S.C. § 405(g) in accordance with this opinion.

**IT IS SO ORDERED.**

Dated this 11th day of January, 2006

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge