IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

JONI R. DOWNING,

      Plaintiff,

v.                                  Case No. 05-2058-JWL

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

## MEMORANDUM & ORDER

Plaintiff Joni R. Downing brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of defendant, the Commissioner of Social Security, to deny her application for disability insurance benefits under Title II of the Social Security Act. The court previously remanded the case to an ALJ to further develop the record. This matter comes before the court on Ms. Downing's motion for a jury trial. Because the Seventh Amendment does not apply to statutory rights created by Congress, however, the court will deny the motion.

The denial of a jury trial is supported by the established rule that the United States generally enjoys sovereign immunity from suit. In other words, "the United States is immune from being sued unless it consents. Even when it consents, the general rule is that the Seventh Amendment does not grant a plaintiff the right to trial by jury." *Payne v. E.E.O.C.*, 2000 WL 1862659, *2 (10th Cir. 2000) (internal citations omitted). To prove that Congress has created a statutory right

to a jury trial, a plaintiff must prove that "the right has been 'unequivocally expressed' by Congress." *Id.* In the realm of the Social Security Act, the federal courts have concluded that Congress has assigned "the relevant determinations to an administrative agency, and a jury trial is not required." *Austin v. Shalala*, 994 F.2d 1170, 1177-78 (5th Cir. 1993).

As might be expected, numerous litigants have claimed the right to a jury trial under the Social Security Act. Without exception, however, the federal courts have held that the Seventh Amendment is inapplicable in this statutory context. *See, e.g., Ross v. Chater*, 930 F. Supp. 1452, 1454 (D. Kan. 1996) (citing *Ginter v. Secretary of Dept. of H.E.W.*, 621 F.2d 313 (8th Cir. 1980)); *Mathes v. C.I.R.*, 576 F.2d 70, 71 (5th Cir. 1978) ("Equally without merit is appellants' claim that they were improperly denied their Seventh Amendment rights to a jury trial of their claims.").

Because she does not offer any reason for the court to depart from the unwavering line of decisions explicitly rejecting her claim, Ms. Downing's request for a jury trial is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Downing's motion for a jury trial (doc. 18) is denied.

**IT IS SO ORDERED.**

Dated this 15th day of February, 2006

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
